**HOPP PRESS, Inc., v. JOSEPH FREEMAN, Inc., et al.**

District Court, E. D. New York. March 26, 1928.

No. 3091.

Patents ☞328—Hopp patent, 1,346,028, for price marker system, held not infringed, conceding validity.

Hopp patent, No. 1,346,028, for price marker system, as limited by the prior art, *held* not infringed, conceding validity.

In Equity. Suit by the Hopp Press, Inc., against Joseph Freeman, Inc., and Joseph Freeman. Decree for defendants.

Newell & Spencer, of New York City, for plaintiff.

Duell, Dunn & Anderson, of New York City, for defendants.

CAMPBELL, District Judge. This is an action for an injunction and damages for the alleged infringement of patent No. 1,346,028, issued to Hermann Hopp and Leo Hopp, for price marker system, dated July 6, 1920, which patent became the property of the plaintiff by assignment.

Defendants have interposed the twofold defense of invalidity and noninfringement.

Plaintiff relies upon both claims of the patent, which read as follows:

"1. A card for use in price-marking systems, said card being printed on one side with a numeral only and upon its opposite side with a numeral and a designating character, whereby the card is adapted to be used in either the units or tens position of a multiple digit number, said card when used with the designating character displayed identifying the character of the entire number displayed.

"2. A card for use in price-marking systems, said card being printed with a single indicating figure on each of its faces, and an identifying character associated with one only of said indicating figures."

In the specification of the patent, the patentees say:

"This invention relates to price marker systems, or numbered cards used for designating prices of articles offered for sale."

And further therein they say:

"Our invention consists in the novel arrangement of numerals combined with cent marks. * * *"

It will thus be seen that, if there be any invention in the patent in suit, it is strictly limited.

This is supported by the repeated rejection of the claims in the Patent Office, and their ultimate allowance, after amendments being obtained when claim 1 was amended to read in part, "said card being printed on one side with a numeral only and upon its opposite side with a numeral and a designating character"; and claim 2 to read in part, "said card being printed with a single indicating figure on each of its faces, and an identifying character associated with one only of said indicating figures."

To print numerals or indicating marks on cards or blocks was old, Poehlmann patent, No. 640,943, Clark patent, No. 721,424, Maegly patent, No. 1,050,962, McGrath patent, No. 1,275,955, Linay patent, No. 1,310,-997, Wilson patent, No. 1,315,892; and it was also old to print labels and trade books with indicia on both of their faces, Martorana patent, No. 131,693, Cooper patent, No. 469,546.

To have a system of cards numbering 0 to 9, separately to function as price cards, was old, Lewis patent, No. 1,151,279.

To print indicia on both sides of the cards was old, in view of the Anderson patent, No. 431,102, Olivera patent, No. 793,-676, Monforts patent, No. 801,671, Bray British patent No. 19,821, A. D. 1909.

To print a price card with the indicia associated with the 5-cents mark was shown in Reenstierna patent, No. 1,135,323.

To print cards with the numeral alone thereon, and to print other cards with the indicia for cents thereon was old, Fingler & Gibb, No. 1,282,560.

While the patents to Poehlmann, No. 640,943, Clark, No. 721,424, and Fingler & Gibb, No. 1,282,560, are for holders and not for marking systems, they show cards or tags which are undoubtedly used as such.

There was no invention, in the light of the prior art, in producing a marking system consisting of cards on which were printed numerals or numerals with indicating marks; therefore, if there be any invention in the patent in suit, it must be the interchangeable character of the cards printed by the plaintiff under the patent in suit, with a numeral only on one face, and a numeral with an indicating mark on the other face, which permits the use of the same card either in the tens or units place, by simply exhibiting the proper face of the card to appropriately mark the goods. This did result in a reduced number of cards being required, and ease in their use.

Only by this interchangeability of the cards can the purposes of the patentees in the patent in suit, as expressed therein, be accomplished. Unless the cards of the system

of the patent in suit be interchangeable, the principal benefit of the patent in suit, as described by one of the patentees called as a witness, will be lost.

Defendant did not, in the cards complained of, print them with a numeral only on one side, and a numeral with an indicating mark on the other side, but printed a numeral on one side with the word "for" preceding it, and on the other side the numeral with the indicating mark for cents following it, and in addition, as a part of its system, cards with the numerals printed on both sides, with no indicating mark.

Plaintiff seeks to overcome the effect of the use of the word "for" on one face of the card by contending that, by covering that word, by the overlapping of the card on which it occurs by the other card, the purpose of the patent will be accomplished.

This contention was not sustained; on the contrary, it affirmatively appears that the holder customarily used with defendant's system is so constructed as to make it impossible to lap one card over another and hide the word "for," and such use of the cards would not be their normal use.

It is true that in the prior art we do not find any patent that specifically discloses a marking system in which the cards are printed with a numeral only on one side, and with a numeral and cents mark on the other, but, in view of the prior art, it does not seem to me that there was any invention in the patent in suit, but, if there was, then the patent was strictly limited as I have shown, and the defendant does not infringe.

A decree may be entered in favor of the defendant, dismissing the plaintiff's complaint, with costs.